[712 NYS2d 590]

In the Matter of WALTER CIACCI (Admitted as WALTER FRANCIS CIACCI), an Attorney, Respondent.

Second Department, August 14, 2000

### APPEARANCES OF COUNSEL

Gary L. Casella, White Plains (Faith Lorenzo of counsel), for petitioner.

Richard E. Grayson, White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing eight

charges of professional misconduct. Prior to the hearing, Charges Two, Five, and Six were amended, and Charge Three was withdrawn. The respondent then stipulated to the factual allegations contained in the amended petition. The Special Referee sustained all of the remaining charges against the respondent except Charges Two and Eight. The Grievance Committee moves to confirm in part and disaffirm in part the Special Referee's report. The respondent does not oppose the Grievance Committee's motion, but argues that the matter should be referred back to the Grievance Committee for whatever action it deems appropriate or, if a public sanction is imposed, it should be limited to a censure.

Charge One alleged that the respondent improperly made cash withdrawals from his escrow account, not to a named payee, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46). On or about July 7, 1993, the respondent wrote or caused to be written two checks payable to cash from his attorney escrow account at Citibank.

Charge Two, as amended, alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30). On March 30, 1993, the respondent appeared before the Honorable Robert P. Brisson at the Justice Court in the Village of Pleasantville, representing the defendant tenants in an action by Richard and Felicia Jastrzemski against Eleanor Tedone and Brian Limitone. Pursuant to a stipulation between the landlord and the tenants, the respondent received $6,500, which he deposited into his escrow account. The stipulation provided that the respondent was required to hold $3,900 subject to the surrender of the property on April 30, 1993, broom clean with no claim for damages.

By letter dated May 10, 1993, the landlord's attorney asked the respondent, *inter alia,* to hold the $3,900 in escrow and alleged that the property was damaged and not surrendered broom clean. By letter dated June 1, 1993, the respondent replied that his client denied the landlord's allegations and requested proof of damages. By letter dated June 6, 1993, the landlord's attorney provided, among other things, a list of items that were either missing or damaged and cautioned the respondent not to release the escrow money to his client. By letter dated June 8, 1993, the respondent sent his client a copy of the landlord's June 6, 1993 letter.

The respondent thereafter failed to take any substantial steps to maintain the productivity of the escrowed funds or to

place them in an interest-bearing account. As of November 13, 1998, the respondent was still holding approximately $4,100 in his non-interest-bearing escrow account in connection with this dispute.

Charge Four alleged that the respondent commingled personal funds with funds held on behalf of his clients, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46). The respondent kept legal fees in his escrow account to cover checking fees and unexpected expenses. By his own admission, the balance maintained for those purposes was between $2,000 and $3,000. The respondent's escrow records reflect that, between January 5, 1993 and February 4, 1998, he was assessed $30 in bank charges.

Charge Five, as amended, alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly constituted escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3). The respondent disbursed $620 from his escrow account by check number 318 dated May 2, 1994, payable to Mary Casalinova. At the time of the disbursement, the respondent did not have adequate funds on deposit relating thereto. However, the respondent had sufficient fees on deposit to cover the disbursement. The bank statement for the respondent's escrow account reflects that a corresponding deposit in the amount of $620 was made on May 24, 1994.

Charge Six, as amended, alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly constituted escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3). On or about April 19, 1994, the respondent disbursed $6,500 from his escrow account by check number 311 payable to Halley Calkins & Avallone. At the time of the disbursement, the respondent failed to ensure that he had adequate funds on deposit relating thereto. However, the respondent had sufficient fees on deposit to cover the disbursement. The bank statement for the respondent's escrow account reflects that a corresponding deposit in the amount of $6,500 was made on April 22, 1994.

Charge Seven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly constituted escrow account, in violation of Code of Professional Responsibil-

ity DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3). The respondent disbursed $6,771 from his escrow account by check number 495 dated April 29, 1997, payable to SAC Title & Abstract. At the time of the disbursement, the respondent failed to ensure that he had adequate funds on deposit relating thereto. However, the respondent had sufficient fees on deposit to cover the disbursement. The bank statement for the respondent's escrow account reflects that a corresponding deposit in the amount of $19,850.18 was made on May 1, 1997.

Charge Eight alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or failing to maintain a duly constituted escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3). The respondent disbursed $2,750 from his escrow account by check number 235 dated January 13, 1994, payable to "Walter Ciacci." At the time of the disbursement, the respondent failed to ensure that he had adequate funds on deposit relating thereto. However, the respondent had sufficient fees on deposit to cover the disbursement. The bank statement for the respondent's escrow account reflects that a corresponding deposit in the amount of $8,250 was made on January 18, 1994.

Based on the evidence adduced at the hearing and the parties' stipulation, the Special Referee should have sustained all of the foregoing charges.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that his misconduct occurred between 2½ to 6 years ago, that none of his clients were harmed as a result thereof, that he had no venal intent, that there was no fraud, deceit, concealment, or misrepresentation involved, that he fully cooperated with the Committee's investigation, and that he has a previously unblemished record. The respondent contends that the matter should be referred back to the Grievance Committee for whatever action it deems appropriate or, if a public sanction is imposed, it should be limited to a censure.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Walter Ciacci, is suspended from the practice of law for a period of one year, commencing September 22, 2000, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Walter Ciacci, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.